2015 ND 124

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Julie Ann KOPPERUD, Defendant and Appellant.**

**No. 20150024.**

Supreme Court of North Dakota.

May 27, 2015.

Gary D. Neuharth, State's Attorney, Ellendale, N.D., for plaintiff and appellee; submitted on brief.

Jason R. Butts, Wahpeton, N.D., for defendant and appellant; submitted on brief.

McEVERS, Justice.

[¶ 1]  Julie Ann Kopperud appeals from a district court order granting the State's motion to pay $1,317.70 in jury expenses. We reverse and vacate the district court's order.

I

[¶ 2]  Kopperud was charged with reckless driving, a class B misdemeanor. A jury trial was scheduled for November 17, 2014. Kopperud failed to appear at the time of the trial and the jurors were dismissed. The district court issued a bench warrant for Kopperud's arrest. Kopperud was arrested the next day. In a "Motion To Reimburse Trial Expenses," the State moved the district court requesting Kopperud be ordered "to reimburse Dickey County $1,317.70 for *Jury Expenses* incurred in the trial State of North Dakota versus Julie Ann Kopperud. . . ." (Emphasis added.)  On December 9, 2014, Kopperud pled guilty to reckless driving and was sentenced under a plea agreement. The district court granted the State's motion. The order, titled "Order Granting Motion to Pay Jury Expenses," provides:

> The Court being fully advised in the premises and having found the Brief in support of the Motion herein to be meritorious, ORDERS that the Defendant reimburse the State $1,317.70 for expenses incurred for her requested and scheduled jury trial on November 17, 2014, at which the Defendant without just cause failed to appear and therefore *the jury had to be dismissed.*

(Emphasis added.)  Kopperud appealed.

II

[¶ 3]  On appeal, Kopperud argues the district court erred when it ordered her to reimburse the State for expenses incurred for a jury trial because jury expenses may not be assessed in a criminal case, under N.D.R.Crim.P. 23.1.

[¶ 4]  "The interpretation of a court rule or a statute is a question of law that we review de novo. When we interpret a rule or a statute, we apply the rules of statutory construction and look at the language of the rule or statute to determine its meaning." *State v. Chacano*, 2012 ND 113, ¶ 10, 817 N.W.2d 369 (citation omitted) (quotation marks omitted). Rule 23.1, N.D.R.Crim.P., states: "Jury expenses may not be assessed in a criminal case."  The explanatory note to N.D.R.Crim.P. 23.1 provides:

854

This rule is intended to assure a defendant in a criminal case that the assessment of jury expense need not be a factor in deciding whether a trial by jury should be demanded. The assessment of jury expense in a criminal case may tend to 'chill' the constitutional right to a jury trial.

[¶ 5] The State argues Kopperud's constitutional right to a jury trial was not "chilled" here because Kopperud was only assessed the jury expenses after she failed to appear. The State's conclusory assertions on the possible "chilling effect" were not supported by citation to the record or legal citations. We do not address issues not adequately briefed. *Molitor v. Molitor*, 2006 ND 163, ¶ 11, 718 N.W.2d 13.

[¶ 6] The State also argues courts have an inherent power to punish for contempt, therefore, the district court should have had inherent authority to sanction Kopperud under the circumstances of this case. *See State v. Stokes*, 243 N.W.2d 372 (N.D. 1976). The State's argument is misplaced. In *Stokes*, the district court found the defendant's attorney in contempt for failure to appear at a jury trial. *Id.* at 373. This Court reversed and remanded because the sanction imposed went further than necessary to accomplish the court's purpose. *Id.* at 375. This Court stated:

The inherent power of the court to punish for contempt is exercised to prevent the obstruction of the course of justice, to prevent prejudice to the trial of any action or proceeding then pending in court. The court is created for the administration of justice through matters coming before it, and anything which interferes with or obstructs the work of the court is within the inherent power of the court to punish. But this power is not to be extended by the court beyond this field.

*Id.* at 374–75. The district court here could have found the defendant in contempt and imposed a sanction. However, the State's motion did not request a sanction for contempt, nor did the district court find the defendant in contempt. Rather, the State's motion requested reimbursement for trial expenses, specifically requesting jury expenses. The State provided no statutory authority or other legal authority in its motion and brief to the district court. Likewise, the district court cited no authority in the order granting the motion.

[¶ 7] Section 12.1–32–02(1)(a), N.D.C.C., permits a district court to order a defendant convicted of a crime to pay "the reasonable costs of the person's prosecution" when sentencing the defendant. In *State v. Marinucci*, a district court awarded $600.00 in costs against a defendant for the expenses of the State's witnesses. 321 N.W.2d 462, 467 (N.D.1982). This Court upheld the assessment of costs under N.D.C.C. § 12.1–32–02(1)(a), as an award of reasonable costs of a defendant's prosecution. *Id.* However, the expenses in *Marinucci* did not include jury expenses. The State cites no authority to support the premise that jury expenses are part of the reasonable costs of a person's prosecution. Kopperud concedes the district court could have imposed a court administration fee under N.D.C.C. § 29–26–22, which provides for the imposition of a fee. This statute provides that "the court shall impose a court administration fee in lieu of the assessment of court costs" and caps the fee based on the level of the offense. N.D.C.C. § 29–26–22(1). Kopperud pled guilty to reckless driving, a class B misdemeanor. As provided in N.D.C.C. § 29–26–22(1), the court administration fee that could be imposed for a class B misdemeanor is $125.00. This statute does not include authorization to impose the actual

jury costs on a defendant. Rule 23.1, N.D.R.Crim.P., could not be more clear: "Jury expenses may not be assessed in a criminal case."

[¶ 8] The district court's order requiring Kopperud to reimburse jury expenses violates the plain language of N.D.R.Crim.P. 23.1, which prohibits the assessment of jury expenses in a criminal case.

## III

[¶ 9] We reverse and vacate the district court's order requiring Kopperud pay $1,317.70 in jury expenses.

[¶ 10] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 11] I concur with and have signed the opinion of the Court. Rule 23.1, N.D.R.Crim.P., is clear and, as our opinion notes, unless the rule is ambiguous, we look only at the language of the rule. The rule provides that those defendants who exercise their constitutional right to a jury trial should not be assessed the expenses for the exercise of that right.

[¶ 12] The rule and the explanatory note do not appear to contemplate that a defendant who exercises the constitutional right to a trial by jury will, without a justifiable or reasonable excuse, fail to appear for that trial. I agree that it is a contempt of court to fail to appear for court without justifiable and reasonable excuse, for which the defendant might be assessed a sanction comparable to the jury expenses. However, in light of the purpose of Rule 23.1, and to avoid the costly and time consuming contempt procedure, perhaps it is time to consider amending the rule to provide that jury expenses may not be assessed in a criminal case unless the defendant without justifiable or reasonable excuse fails to appear at the time designated for the jury trial. A defendant who exercises the right to a jury trial should be aware that the failure, without good reason, to appear for the jury trial is not only a contempt of court but that the expenses of calling that jury may be assessed as costs directly against the defendant.