# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 70

State of North Dakota,                                    Plaintiff and Appellee

v.

George Robert Lyons,                                    Defendant and Appellant

### No. 20240326

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Per Curiam.

Rachel R. Egstad, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee; on brief.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant; on brief.

**Per Curiam.**

[¶1]   George Robert Lyons appeals from a district court order denying his Rule 35, N.D.R.Crim.P., motion to correct an illegal sentence. On appeal, Lyons argues the district court erred by denying his Rule 35 motion, because his convictions were barred by the statute of limitations. We have held "N.D.R.Crim.P. 35(a) may only be used to correct an illegal sentence. It cannot be used to attack the underlying conviction." *Keller v. State*, 2015 ND 228, ¶ 8, 869 N.W.2d 424 (citing *State v. Ertelt*, 1997 ND 15, ¶¶ 5-6, 558 N.W.2d 860 (quoting the N.D.R.Crim.P. 35, Explanatory Note, stating "it is presupposed that the conviction upon which the sentence has been imposed is valid")). Lyons argues his sentence was illegal only because the underlying conviction is void for lack of jurisdiction. A Rule 35 motion is not the proper procedure to collaterally attack the conviction.

[¶2]   "The Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of conviction or sentence." *State v. Eagleman*, 2024 ND 231, ¶ 6, 14 N.W.3d 912 (cleaned up); *see also* N.D.C.C. § 29-32.1-01(4) ("Except as otherwise provided in this chapter, a proceeding under [N.D.C.C. ch. 29-32.1] replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them."). We summarily affirm the district court order under N.D.R.App.P. 35.1(a)(4) and (7). *Lyons v. State*, 2024 ND 19, ¶ 11, 2 N.W.3d 679 (affirming the dismissal of Lyons' postconviction claim that his convictions were barred by the statute of limitations because Lyons' application was untimely under N.D.C.C. § 29-32.1-01(2)).

[¶3]   Jerod E. Tufte, Acting C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Douglas A. Bahr
        William A. Herauf, D.J.

[¶4]   The Honorable William A. Herauf, District Judge, sitting in place of Jensen, C.J., disqualified.