2013 ND 249

Esteban F. **DOMINGUEZ**, Petitioner and Appellant

v.

**STATE of North Dakota**, Respondent and Appellee.

No. 20130098.

Supreme Court of North Dakota.

Dec. 19, 2013.

Thomas V. Omdahl, Grand Forks, N.D., for petitioner and appellant.

Barbara L. Whelan, State's Attorney, Grafton, N.D., for respondent and appellee, submitted on brief.

SANDSTROM, Justice.

[¶ 1] Esteban Dominguez appeals from a district court order denying his application for post-conviction relief. Dominguez argues his attempted murder conviction is illegal because N.D.C.C. § 12.1–16–01(1)(b), murder under circumstances manifesting an extreme indifference to the value of human life, cannot be the underlying charge for an attempt offense. We conclude attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(b) is not a cognizable offense, because attempt requires an intent to complete the commission of the underlying crime and a majority of this Court has held that murder under circumstances manifesting an extreme indifference to the value of human life results in an unintentional death. We reverse and remand.

I

[¶ 2] Dominguez was charged with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) and (b) and terrorizing under N.D.C.C. § 12.1–17–04. The complaint alleged Dominguez threatened David Nelson with a .22 caliber rifle and shot at Nelson four times when Nelson ran away.

[¶ 3] In February 2012, a jury found Dominguez guilty of attempted murder and terrorizing. The verdict form did not require the jury to specify whether they found Dominguez guilty of attempted murder under N.D.C.C. § 12.1–16–01(1)(a), intentional or knowing murder, or under N.D.C.C. § 12.1–16–01(1)(b), murder under circumstances manifesting an extreme indifference to the value of human life.

[¶ 4] In March 2012, Dominguez moved to set aside the verdict and requested a new trial. He argued the jury instructions and jury verdict were improper. The State resisted the motion, arguing the motion was untimely. In April 2012, the district court denied Dominguez's motion on the merits. In May 2012, the district court entered judgments of conviction. Dominguez appealed the order denying his motion for a new trial. This Court held his motion for a new trial was untimely and the district court lacked jurisdiction. *State v. Dominguez*, 2012 ND 243, ¶ 6, 823 N.W.2d 753. The order denying his motion was vacated, and his appeal was dismissed. *Id.* at ¶ 8.

[¶ 5] In December 2012, Dominguez applied for post-conviction relief, requesting his conviction for attempted murder be set aside and he be given a new trial. He argued his conviction is illegal because N.D.C.C. § 12.1–16–01(1)(b), murder under circumstances manifesting an extreme indifference to the value of human life, requires the accused cause the death of another and cannot be charged as an attempt crime. He also argued attempted murder under N.D.C.C. § 12.1–16–01(1)(b) is not a crime because murder under circumstances manifesting an extreme indifference to the value of human life is a general intent crime, while attempted murder requires a specific intent to kill. The State responded to Dominguez's application and requested summary dismissal under N.D.C.C. § 29–32.1–06(2). The State argued there was no basis upon which Dominguez would be entitled to post-conviction relief and no purpose would be served by any further proceedings, because Dominguez raised these same issues in his March 2012 motion for a new trial and the district court entered a decision on those issues. The State did not argue the application constituted a misuse of process.

[¶ 6] In March 2013, the district court denied Dominguez's application for post-conviction relief. The court ruled a hearing was not necessary because the only issues raised were legal issues and summary resolution was appropriate. The court agreed with the State that Dominguez's argument was identical to his argument in his March 2012 motion for a new trial and his subsequent appeal, but the court denied the State's motion to dismiss, stating the Supreme Court held the district court lacked jurisdiction to decide the motion on its merits and the State cited no other grounds to ignore the merits of the issues raised in Dominguez's application. The court denied Dominguez's application, concluding attempted murder under circumstances manifesting an extreme indifference to the value of human life is an offense under North Dakota law and Dominguez's conviction does not violate any laws.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Dominguez's appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 8] When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. *Haag v. State*, 2012 ND 241, ¶ 4, 823 N.W.2d 749. Our standard for reviewing a summary denial of an application for post-conviction relief is similar to our standard for reviewing an appeal from summary judgment. *Id.* The district court may summarily dispose of an application if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## III

[¶ 9] Dominguez argues his conviction is illegal and must be vacated because attempted murder under N.D.C.C. § 12.1–16–01(1)(b) is not a cognizable crime. Dominguez contends murder under circumstances manifesting an extreme indifference to the value of human life cannot be charged as an attempt crime because it is a general intent crime, which does not require an intent to kill, and attempt requires an intent to commit the underlying crime.

## A

[¶ 10] Dominguez was charged with attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) and (b). Section 12.1–06–01(1), N.D.C.C., the criminal attempt statute, provides:

A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

The murder statute provides:

A person is guilty of murder, a class AA felony, if the person:

a. Intentionally or knowingly causes the death of another human being; [or]

b. Causes the death of another human being under circumstances manifesting extreme indifference to the value of human life[.]

N.D.C.C. § 12.1–16–01(1).

[¶ 11] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *State v. Laib*, 2002 ND 95, ¶ 13, 644 N.W.2d 878. We look at

the language of the statute and give words their plain, ordinary, and commonly understood meaning, unless a contrary intention plainly appears or the words are specifically defined. N.D.C.C. §§ 1–02–02 and 1–02–03; *see also Laib*, at ¶ 13. "In enacting a statute, it is presumed that . . . [t]he entire statute is intended to be effective." N.D.C.C. § 1–02–38(2). If a statute is clear and free from ambiguity, we may not disregard the letter of the law. N.D.C.C. § 1–02–05. " '[W]e construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.' " *State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886 (quoting *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267).

[¶ 12] Under the plain language of N.D.C.C. § 12.1–06–01(1), a person is guilty of criminal attempt if, acting with the kind of culpability required for commission of the crime, the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime. The statute specifically defines "substantial step" as "any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime." N.D.C.C. § 12.1–06–01(1). To commit an attempt offense the accused must intentionally engage in conduct strongly corroborative of the firmness of the actor's intent to complete the commission of the underlying crime. The plain language of the attempt statute requires that the accused have an intent to complete the commission of the underlying crime.

[¶ 13] A majority of this Court has held murder committed under circumstances manifesting an extreme indifference to the value of human life is a general intent crime and does not require a person act with specific intent to kill; rather, death and the commission of the offense is a consequence of the person's willful conduct. *State v. Borner*, 2013 ND 141, ¶ 18, 836 N.W.2d 383. A person engages in conduct "willfully" if he "engages in the conduct intentionally, knowingly, or recklessly." N.D.C.C. § 12.1–02–02(1)(e). A majority of this Court held:

> Under N.D.C.C. § 12.1–16–01(1)(b), a person does not intend to cause the death of another human-being, but rather death is a consequence of the defendant's willful conduct. In other words, extreme indifference murder results in an unintentional death from behavior manifesting an extreme indifference to the value of human life. . . . An individual cannot intend to achieve a particular offense that by its definition is unintended.

*Borner*, at ¶ 18 (citations omitted). Because criminal attempt requires an intent to complete the commission of the underlying crime but murder committed under circumstances manifesting an extreme indifference to the value of human life results in an unintentional death and does not require an intent to commit that particular offense, there is an inconsistency in the elements of attempt and murder under N.D.C.C. § 12.1–16–01(1)(b) that is logically and legally impossible to rectify consistent with the holding in *Borner*.

[¶ 14] The legislative history of the attempt statute supports our interpretation of the statutes. The criminal attempt statute, N.D.C.C. § 12.1–06–01, was enacted as part of the Legislature's 1973 revision of substantive criminal law. 1973 N.D. Sess. Laws ch. 116, § 6. Section 12.1–06–01, N.D.C.C., was based on § 1001 of the proposed Federal Criminal Code. *See A Hornbook to the North Dakota Criminal Code*, 50 N.D. L.Rev. 639, 681 (1974). The language of N.D.C.C. § 12.1–06–01(1) is the same as the language used in the proposed Federal Criminal Code attempt

provision. *See Final Report of the National Commission on Reform of Federal Criminal Laws* § 1001, at 67 (1971). Because the North Dakota attempt statute was modeled after and does not vary in substance from the proposed Federal Criminal Code attempt provision, " 'we are guided by both the drafter's official comments to the proposed Federal Criminal Code and the relevant legislative history' " when we are confronted with a question of statutory interpretation. *Borner*, 2013 ND 141, ¶ 10, 836 N.W.2d 383 (quoting *State v. Knowels*, 2002 ND 62, ¶ 9, 643 N.W.2d 20).

■ [¶ 15] The proposed Federal Criminal Code Working Papers discuss the requirement that there be an intent to commit the underlying crime for an attempt offense, and state:

> Implicit in the notion of attempt is the requirement that whatever the person is doing is being done with the purpose of committing a crime. Present Federal case law recognizes this. Proposed section 1001 makes this requirement explicit by requiring that the conduct be intentionally engaged in but otherwise with the culpability required for the offense.
>
> . . . .
>
> It should be noted that the requirement of intentional conduct is for the purpose of excluding from the attempt area the attempt to commit a crime where the result, even though not intended, is an element of the crime. An example is negligent homicide. The fact that death has resulted has turned the negligent act into a crime. The mere performance of the negligent act is not an attempt to commit negligent homicide, even though death could have resulted.

I *Working Papers of the National Commission on Reform of Federal Criminal Laws* 354 (1970). Murder committed under circumstances manifesting an extreme indifference to the value of human life, like negligent homicide, results in an unintentional death, and the fact that death resulted turned the party's willful conduct into the offense of murder; the mere performance of the willful conduct was not an attempt to commit murder. *See Borner*, 2013 ND 141, ¶ 18, 836 N.W.2d 383.

[¶ 16] A majority of other jurisdictions confronted with this issue have also held that attempt requires an intent to complete the commission of the underlying offense or to attain the result of the underlying offense and that the offense of attempted murder under circumstances manifesting an extreme indifference to the value of human life does not exist. *See, e.g., State v. Curry*, 187 Ariz. 623, 931 P.2d 1133, 1137 (Ariz.Ct.App.1996); *State v. Shannon*, 258 Kan. 425, 905 P.2d 649, 652–53 (1995); *State v. Johnson*, 103 N.M. 364, 707 P.2d 1174, 1177–79 (N.M.Ct.App.1985); *State v. Smith*, 21 Or.App. 270, 534 P.2d 1180, 1184–85 (1975); *State v. Vigil*, 842 P.2d 843, 848 (Utah 1992); *State v. Dunbar*, 117 Wash.2d 587, 817 P.2d 1360, 1363 (1991). A majority of courts considering other types of attempted murder have also held the offense of attempted murder requires an intent to kill and the offense does not exist if the underlying murder offense does not require a specific intent to kill. *See, e.g., Huitt v. State*, 678 P.2d 415, 418–20 (Alaska Ct.App.1984); *State v. Luke*, 134 Idaho 294, 1 P.3d 795, 801 (2000); *State v. Howard*, 405 A.2d 206, 212 (Maine 1979); *State v. Dahlstrom*, 276 Minn. 301, 150 N.W.2d 53, 58–59 (1967); *Ramos v. State*, 95 Nev. 251, 592 P.2d 950, 951 (1979); *State v. Coble*, 351 N.C. 448, 527 S.E.2d 45, 47–48 (2000); *Commonwealth v. Griffin*, 310 Pa.Super. 39, 456 A.2d 171, 177–78 (1983); *State v. Lyerla*, 424 N.W.2d 908, 912–13 (S.D.1988); *State*

*v. Kimbrough,* 924 S.W.2d 888, 890–92 (Tenn.1996); *Flanagan v. State,* 675 S.W.2d 734, 741–42 (Tex.Crim.App.1982); *see also* 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.3(a), at 212–13 (2d ed.2003).

[¶ 17] Moreover, when the entire statutory scheme is considered as a whole, it is consistent with our decision. In interpreting a statute, we interpret related provisions together to harmonize and give meaning to each provision. N.D.C.C. §§ 1–02–07 and 1–02–38(2). Section 12.1–17–03, N.D.C.C., provides for the offense of reckless endangerment, and states, "A person is guilty of an offense if he creates a substantial risk of serious bodily injury or death to another. The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life." Under the statutory scheme, a person is guilty of reckless endangerment if he creates a substantial risk of serious bodily injury or death to another under circumstances manifesting an extreme indifference to the value of human life, but a death does not result. The person is guilty of murder, however, when he causes the death of another under the same circumstances. Causing the death of another is an element of murder under N.D.C.C. § 12.1–16–01(1)(b), and the individual is guilty of reckless endangerment, not attempted murder, when the same act does not cause the death of another and there is no intent to kill.

[¶ 18] The legislative history for the reckless endangerment statute supports this interpretation. Section 12.1–17–03, N.D.C.C, is based on the reckless endangerment provision of the proposed Federal Criminal Code. *See Minutes of the Interim Comm. on Judiciary "B"* 52 (May 11–12, 1972). The proposed Federal Criminal Code Working Papers discuss the reckless endangerment provision and state:

Recklessness so extreme as to "manifest extreme indifference to human life" is made a felony. Such extreme recklessness would be indicated by recklessly risking the lives of a number of persons—shooting aimlessly into a crowd, for example, or damaging an airplane. Such acts manifest, at least, gross moral impairment. Or it would be indicated by behavior which creates so high a probability of a person's death that for ordinary, reasonable people the proper inference would be that the person intended the consequence or knew it would follow. One who shoots in the direction of another person but misses, or mails to him an explosive device which fails to go off, would be guilty of reckless endangerment, if not attempted murder. The defendant would be guilty of a Class C felony, and not the higher crime, if evidence of intent to kill is lacking.

II *Working Papers of the National Commission on Reform of Federal Criminal Laws* 836 (1970).

[¶ 19] Under our statutory scheme, reckless endangerment is the appropriate offense when a person's conduct manifests an extreme indifference to human life and there is no evidence of an intent to kill. When there is evidence of an intent to kill, a person can be convicted of attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) for attempting to knowingly or intentionally cause the death of another human being.

[¶ 20] The district court denied Dominguez's application, ruling an accused can be convicted of attempted murder under N.D.C.C. § 12.1–16–01(1)(b) and Dominguez's conviction is authorized by law. Citing *People v. Castro,* 657 P.2d 932 (Colo.1983), the court relied on Colorado case law to determine attempted murder committed under circumstances manifest-

ing an extreme indifference to the value of human life is a cognizable offense. In *Castro*, at 938, the Colorado Supreme Court recognized the offense of attempted murder committed under circumstances manifesting an extreme indifference to the value of human life. At the time that *Castro* was decided, the Colorado attempt statute was very similar to the North Dakota attempt statute. *Id.* at 937. The Colorado murder statute was significantly different from the North Dakota provision, however, and murder committed under circumstances manifesting an extreme indifference to the value of human life required the following elements: "(1) under circumstances manifesting extreme indifference to the value of human life; (2) 'intentionally' engaging in conduct that creates a grave risk of death to another; and (3) thereby causing the death of another." *Id.* The court in *Castro* said, "The culpability element of acting 'intentionally' was defined to include not only a conscious object to cause a particular result but also, as important here, a conscious object to engage in particular conduct." *Id.* at 938. Under Colorado law, murder under circumstances manifesting an extreme indifference to the value of human life is not a specific intent offense and does not require an intent to kill, but the statute requires the defendant intentionally engage in conduct creating a grave risk of death to another. *Id.* The Colorado Supreme Court did not interpret the language of the attempt statute, but said it was "quite obvious that the statutory ingredients of attempted murder do not postulate a logical or legal inconsistency by requiring an intent to engage in an unintentional act. The crime of extreme indifference murder requires an intentional state of mind with respect to proscribed conduct." *Id.* The Court further held, "Because the underlying offense of extreme indifference murder entails intentional rather than unintention-

al conduct, the defendant's assertion that the crime of attempted extreme indifference murder requires an intent to commit an unintentional act is without legal foundation." *Id.*

[¶ 21] North Dakota's murder statute is significantly different from the Colorado statute. Furthermore, the court in *Castro* did not interpret the attempt statute and decide whether it requires there be an intent to complete the commission of the underlying offense. Colorado has also recognized it "is the only state explicitly to recognize this attempt crime, and that the concept of attempting to commit a homicide through extreme indifference or recklessness is 'largely disfavored by legal scholars and almost … universally rejected in American law.'" *People v. Rubio*, 222 P.3d 355, 358 (Colo.Ct.App.2009) (quoting Michael T. Cahill, *Attempt, Reckless Homicide, and the Design of Criminal Law*, 78 U. Colo. L.Rev. 879, 879–84 (2007)). We are not persuaded by the reasoning of the *Castro* decision.

[¶ 22] We conclude attempt is a specific intent crime, requiring an intent to commit the underlying offense. To be guilty of attempted murder, the State must prove the accused had an intent to kill. Murder committed under circumstances manifesting an extreme indifference to the value of human life results in an unintentional death. Therefore, we hold attempted murder, under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(b), is not a cognizable offense.

## B

[¶ 23] A person convicted of and sentenced for a crime may apply for post-conviction relief upon the ground that "[t]he conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or

of the laws or Constitution of North Dakota[.]" N.D.C.C. § 29–32.1–01(1)(a).

[¶ 24] Dominguez was charged with and the jury was instructed on attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a) and (b). The jury instructions stated that the State was required to prove the following elements beyond a reasonable doubt for the attempted murder offense:

1. On or about August 4, 2011, in Walsh County, North Dakota, the Defendant, Esteban F. Dominguez;

2. Acted intentionally or knowingly to cause the death of another human being, David Nelson; or acted willfully under circumstances manifesting extreme indifference to the value of human life; and

3. The defendant, Esteban F. Dominguez, intentionally engaged in conduct which constituted a substantial step towards causing the death of another human being, David Nelson.

Under those instructions, the jury could have found Dominguez guilty of attempting to commit murder under circumstances manifesting an extreme indifference to the value of human life. The jury instructions did not correctly advise the jury of the law and would allow the jury to find Dominguez guilty of a crime that does not exist. The verdict form only required the jury to find Dominguez guilty or not guilty of attempted murder, without specifying whether the jury found Dominguez acted intentionally or knowingly or whether they found he acted willfully under circumstances manifesting an extreme indifference to the value of human life.

[¶ 25] If the jury found Dominguez guilty of attempted murder under N.D.C.C. § 12.1–16–01(1)(b), his conviction would violate the state and federal Constitutions. *See Fiore v. White*, 531 U.S. 225, 228–29, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) (the conviction and continued incarceration of the defendant, based on conduct that the state statute does not prohibit, violates due process). It is not clear, however, whether the jury found Dominguez guilty of attempted intentional murder or attempted murder under circumstances manifesting an extreme indifference to the value of human life. Dominguez was accused of firing a rifle at Nelson four times as Nelson was running away from him. If there was evidence presented during the trial that Dominguez had an intent to kill, the jury could have found Dominguez guilty of attempted murder under N.D.C.C. §§ 12.1–06–01 and 12.1–16–01(1)(a).

[¶ 26] In federal habeas corpus cases, the United States Supreme Court has held a conviction does not have to be set aside automatically if the jury is instructed on multiple theories of guilt and one of the theories is invalid. *Hedgpeth v. Pulido*, 555 U.S. 57, 61, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008). This Court has held not all constitutional errors require automatic reversal; rather, the State must prove the error was harmless beyond a reasonable doubt. *See Clark v. State*, 2001 ND 9, ¶ 15, 621 N.W.2d 576; *Hill v. State*, 2000 ND 143, ¶ 23, 615 N.W.2d 135.

[¶ 27] Neither party made any argument about whether the error in this case was harmless. We reverse the district court's decision denying Dominguez's application for post-conviction relief, and we remand for the district court to determine whether the error was harmless or whether Dominguez is entitled to relief.

IV

[¶ 28] We reverse the district court order denying Dominguez's application for post-conviction relief, and we remand for proceedings consistent with this opinion.

[¶ 29]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.