2017 ND 188

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Nicholas John DAVISON, Defendant and Appellant**

State of North Dakota, Plaintiff and Appellee

v.

James Robert Heily Jr., Defendant and Appellant

State of North Dakota, Plaintiff and Appellee

v.

**Jesse Lee Janke, Defendant and Appellant**

No. 20160372, No. 20160390, No. 20160454

Supreme Court of North Dakota.

Filed 7/31/2017

Leah J. Viste, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Charles J. Sheeley, Fargo, ND, for defendants and appellants.

Kapsner, Justice.

[¶ 1] Nicholas Davison, James Heily, Jr., and Jesse Janke appeal from criminal judgments, entered after bench trials on stipulated facts, finding them guilty of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1-41-06(1)(a). We affirm the criminal judgments.

I

[¶ 2] Nicholas Davison, James Heily, Jr., and Jesse Janke ("the Defendants") were each arrested as part of a multi-agency sting operation targeted at apprehending individuals paying, or attempting to pay, for sex with minors. The sting operation posted advertisements on the Internet, specifically in the "Casual Encounters" section of a website called "Craigslist." The content of the advertisements in these cases sought sexual encounters, but did not claim to be posted by a minor. However, during communications with each of the Defendants, an undercover officer posing as a minor indicated to the Defendants she was a minor. In each of the communications, there were discussions of exchanging something of value for sexual services. Each of the Defendants arrived at the sting location set up at a hotel in Fargo, and each was arrested and charged with patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1-41-06(1)(a).

[¶ 3] At a preliminary hearing in the Davison case, Davison argued the patronizing a minor charge should be dismissed. Davison asserted the language of the statute required an actual minor to be involved, and because the sting operation did not involve an actual minor, he could not be convicted of the crime as a matter of law. The State argued whether the sting operation had an actual minor present is irrelevant. Davison argued there was no completed crime absent the presence of a minor, and because the State did not charge an attempt crime, the charge should be dismissed. The district court found the State had established probable cause for the charge of patronizing a minor for commercial sexual activity.

[¶ 4] The Defendants each chose to waive their right to a jury trial, and the district court held bench trials for each of the Defendants during October, November, and December 2016. The cases were tried on stipulated facts. The stipulated facts in each case contained the following essential facts:

> On [a specific date], Defendant exchanged emails and text messages with a female who had posted on Craigslist. The female represented herself as under age 18 in one of the messages she sent to Defendant.

> The person representing as an underage female was an undercover officer. No one under the age of 18 was involved.

> . . . .

> Defendant intended to engage in a sexual act with the female knowing she was under the age of 18 and agreed to give the female [something of value] in exchange for the sex act.

In each case, the stipulated facts indicated the Defendants had agreed to exchange money, drugs, or something of value for a sex act. The stipulated facts indicated the Defendants had either arrived at the hotel or had appeared and knocked on the hotel room door before being arrested. Each stipulation of facts indicated: "Defendant and the female had discussed potential sex acts and the price of those acts prior to Defendant arriving at the hotel."

[¶ 5] In each case, counsel for the Defendants moved for judgment of acquittal under Rule 29, N.D.R.Crim.P. The district court denied the motion in each case and found each of the Defendants guilty of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1-41-06(1)(a). The Defendants filed notices of appeal to this Court.

## II

[¶ 6] On appeal, the Defendants argue the district court erred by denying their motions for judgment of acquittal. The Defendants argue N.D.C.C. § 12.1-41-06(1)(a) requires the presence of a minor. Because there was no minor involved in the Defendants' cases, the Defendants argue the State cannot meet its burden of proof. The State argues N.D.C.C. § 12.1-41-06(1)(a) does not require the presence of a minor as an essential element of the crime of patronizing a minor for commercial sexual activity.

[¶ 7] The Defendants moved for judgment of acquittal under N.D.R.Crim.P. 29 in each case. "Under N.D.R.Crim.P. 29, '[a]fter the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.' " *State v. Evans*, 2013 ND 195, ¶ 10, 838 N.W.2d 605 (quoting N.D.R.Crim.P. 29(a)). "The burden is on the defendant to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *Id.* "On an appeal from an insufficiency of the evidence claim, this Court reviews the record to determine if there is competent evidence allowing the trier of fact to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *Id.*

[¶ 8] The parties agree that if no minor is required for a conviction under N.D.C.C. § 12.1-41-06(1)(a), there is sufficient evidence to sustain the convictions. Therefore, the only question is one of statutory interpretation, which is a question of law and is fully reviewable on appeal. *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267. "We look at the language of the statute and give words their plain, ordinary, and commonly understood meaning, unless a contrary intention plainly appears or the words are specifically defined." *Dominguez v. State*, 2013 ND 249, ¶ 11, 840 N.W.2d 596 (citing N.D.C.C. §§ 1-02-02 and 1-02-03) (citation omitted). "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. This Court construes statutes "in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *Dominguez*, at ¶ 11 (internal quotation marks and citations omitted).

[¶ 9] The Defendants were convicted of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1-41-06(1)(a). Section 12.1-41-06(1)(a), N.D.C.C., provides:

A person commits the offense of patronizing a minor for commercial sexual activity if:

With the intent that an individual engage in commercial sexual activity with a minor, the person gives, agrees to give, or offers to give anything of value to a minor or another person so that the individual may engage in commercial sexual activity with a minor[.]

Section 12.1-41-06(2), N.D.C.C., provides violation of N.D.C.C. § 12.1-41-06(1)(a) is a class A felony. The phrase "commercial sexual activity" appearing in N.D.C.C. § 12.1-41-06(1)(a) is defined as "sexual ac-

tivity for which anything of value is given to, promised to, or received, by a person." N.D.C.C. § 12.1-41-01(3).

[¶ 10] Looking to the plain language of N.D.C.C. § 12.1-41-06(1)(a), the statute first provides the intent required: "With the intent that an individual engage in commercial sexual activity with a minor[.]" The statute next provides the action proscribed: "the person gives, agrees to give, or offers to give anything of value to a minor or another person[.]" Lastly, the statute provides the purpose of that exchange: "so that the individual may engage in commercial sexual activity with a minor[.]" The statute prohibits the giving, agreeing to give, or offering of anything of value to a minor or another person with the intent to engage in commercial sexual activity with a minor. The transaction, agreement, or offer must be made with the intent to receive, in exchange for some item of value, sexual activity with a minor.

[¶ 11] The statute targets individuals who intentionally seek to pay for the sexual services of minors. But the statute does not require the State to prove a minor was present. The statute requires proof of a person giving, agreeing to give, or offering "anything of value to a minor or another person" with intent to engage in commercial sexual activity with a minor, and with the expectation of receiving sexual services from a minor. N.D.C.C. § 12.1-41-06(1)(a) (emphasis added). The stipulated facts indicate in each case a conversation occurred which showed the Defendants each possessed the necessary "intent . . . [to] engage in commercial sexual activity with a minor." N.D.C.C. § 12.1-41-06(1)(a). In each case, the Defendants discussed engaging in sex acts and paying for the sex acts with someone claiming to be a minor. In each case, the Defendants' intent was confirmed by an outward manifestation of that intent, such as driving to the location discussed with the agreed upon payment on their person.

[¶ 12] The Defendants argue this Court's decision in *State v. Backlund*, 2003 ND 184, 672 N.W.2d 431, supports their position a conviction under N.D.C.C. § 12.1-41-06(1)(a) requires the presence of a minor. In *Backlund*, this Court was interpreting N.D.C.C. § 12.1-20-05.1, which criminalizes the luring of minors by computer. *Id.* at ¶ 5. We noted the statute, as originally drafted, required the presence of a minor, but was amended during the legislative process to criminalize luring "a person the adult believes to be a minor." *Id.* The Defendants argue because N.D.C.C. § 12.1-41-06(1)(a) does not include similar language, the statute fails to criminalize conduct occurring without the presence of a minor. However, the statute criminalizes making an exchange of something of value, or offering to exchange something of value, with a minor "or another person" with the intent to engage in commercial sexual activity with a minor. N.D.C.C. § 12.1-41-06(1)(a) (emphasis added). The statute is aimed at apprehending those who intentionally seek to procure the commercial sexual services of a minor, whether such payment is made or offered directly to a minor or to another person.

[¶ 13] Section 12.1-41-06(1)(a), N.D.C.C., is adopted from a uniform law. The statute is adopted verbatim from Section 7 of the Uniform Act on Prevention of and Remedies for Human Trafficking drafted by the National Conference of Commissioners on Uniform State Laws. "Any provision in this code which is a part of a uniform statute must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." N.D.C.C. § 1-02-13. The comments to Section 7 of the Uniform Act on Prevention of and Remedies for Human Trafficking state:

Section 7 is directed toward reducing demand among patrons for commercial sexual activity with minors by raising the penalty level in existing state statutes to reflect the gravity of the offense. Subsection (a)(1) is a specific intent crime and therefore carries a higher range of punishment than subsection (a)(2), which is a strict liability offense. Subsection 7(a)(1) focuses on the worst predators, those who intentionally seek out children as their sexual objects[.]

Unif. Act on Prevention of and Remedies for Human Trafficking § 7 (2013) cmt., 11 U.L.A. (2017 Cum. Supp.), at 11. The comments note, "Minnesota has a similar law for patrons who intentionally hire minors to engage in prostitution. See Minn. Stat. Ann. § 609.324 (subdiv. 1)." *Id.*

[¶ 14] The Defendants point to an unpublished Minnesota Court of Appeals case which determined the elements of Minn. Stat. § 609.324, subd. 1(c)(2), could not be satisfied because the defendant hired an undercover police officer, rather than an actual minor, for sex. *State v. DePaulis*, 2002 WL 31749185, *2 (Minn. Ct. App. 2002). The language of the statute in that case provides: "Whoever intentionally . . . hires or offers or agrees to hire an individual under the age of 18 years but at least 16 years to engage in sexual penetration or sexual contact" is guilty of an offense. Minn. Stat. § 609.324, subd. 1(c)(2). While similar in the sense both statutes criminalize paying for sex with minors, the language of Minn. Stat. § 609.324, subd. 1(c)(2) differs from N.D.C.C. § 12.1-41-06(1)(a), in that the Minnesota statute does not provide for the exchange of something of value with "a minor <u>or another person</u>." (Emphasis added).

[¶ 15] Under the plain language of N.D.C.C. § 12.1-41-06(1)(a), an individual may be convicted of an offense if the agreement is made with someone other than a minor. This construction interprets the statute in a practical manner, giving consideration to the context of the statute and the purpose for which it was enacted. *Dominguez*, 2013 ND 249, ¶ 11, 840 N.W.2d 596. This construction also targets those who intentionally seek out children as their sexual objects, as provided in the comments to Section 7 of the Uniform Act on Prevention of and Remedies for Human Trafficking drafted by the National Conference of Commissioners on Uniform State Laws.

[¶ 16] The stipulated facts showed each of the Defendants "[w]ith the intent that an individual engage in commercial sexual activity with a minor" agreed to give or offered to give something of value to a person in exchange for "commercial sexual activity with a minor." N.D.C.C. § 12.1-41-06(1)(a). Because we hold N.D.C.C. § 12.1-41-06(1)(a) does not require the presence of a minor, the verdicts are supported by sufficient competent evidence. We conclude the district court properly denied the Defendants' motions for judgment of acquittal.

### III

[¶ 17] We affirm the criminal judgments.

[¶ 18] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.