# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-3175

———————————————

Brandon Keller,

*Petitioner - Appellant*,

v.

Chad Pringle, Warden,

*Respondent - Appellee*.

————————

Appeal from United States District Court
for the District of North Dakota - Fargo

————————

Submitted: May 11, 2017
Filed: August 16, 2017

————————

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

————————

COLLOTON, Circuit Judge.

Brandon Keller appeals the district court's[1] dismissal of his petition for writ of federal habeas corpus under 28 U.S.C. § 2254. We affirm.

———————————————

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, adopting the report and recommendation of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

I.

In 2003, a jury in North Dakota state court found Keller guilty of conspiracy to commit murder, attempted murder, and reckless endangerment. Keller appealed, arguing that the evidence was insufficient to support his convictions for conspiracy to commit murder and attempted murder. The North Dakota Supreme Court affirmed. *State v. Keller*, 695 N.W.2d 703 (N.D. 2005).

Eight years later, the North Dakota Supreme Court decided three cases addressing the intent requirement for conspiracy to commit murder and for attempted murder. In *State v. Borner*, 836 N.W.2d 383 (N.D. 2013), the court determined that to be guilty of conspiracy to commit murder under state law, one must intend to cause death; extreme indifference to the value of human life is not sufficient. *Id.* at 386. The court in *Dominguez v. State*, 840 N.W.2d 596 (N.D. 2013), similarly held that a defendant cannot be convicted for attempted murder on a theory of extreme indifference. *Id.* at 598. Applying *Dominguez*, the court in *Coppage v. State*, 843 N.W.2d 291 (N.D. 2014), granted a prisoner post-conviction relief because he was convicted of attempted murder based on a finding that he manifested an extreme indifference to the value of human life. *Id.* at 303.

After these decisions, Keller moved in state court to correct an illegal sentence. Keller urged the court to vacate his attempted murder conviction because the jury instructions allowed a guilty verdict for attempted murder on a theory of extreme indifference without a finding of intent to cause death. The state district court denied his motion, concluding that Keller was not seeking to correct an illegal sentence but rather to apply subsequent North Dakota Supreme Court decisions to his case retroactively.

Keller then filed an application for state post-conviction relief. The state district court dismissed the application as untimely, and the North Dakota Supreme

Court affirmed. *Keller v. State*, 869 N.W.2d 424 (N.D. 2015). The court rejected Keller's argument that he timely asserted a new interpretation of North Dakota statutory law that was retroactively applicable to his case. *See* N.D. Cent. Code § 29-32.1-01(3)(a)(3). The court deemed *Borner*, *Dominguez*, and *Coppage* inapplicable because it thought the jury instructions in Keller's case did not allow the jury to convict him based merely on a finding of extreme indifference to the value of human life. *Keller*, 869 N.W.2d at 431-34.

Keller then filed a petition for federal habeas relief in the district court under 28 U.S.C. § 2254. The district court dismissed the petition as untimely under 28 U.S.C. § 2244 and concluded that Keller was not eligible for equitable tolling. Keller appeals, and we review the dismissal *de novo*. *Streu v. Dormire*, 557 F.3d 960, 961 (8th Cir. 2009).

## II.

Under the federal Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner has one year from the latest of four dates to seek federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). The first limitations period is one year from the date when the judgment of the state court became final. *Id*. § 2244(d)(1)(A). Keller's conviction became final in 2005, so his petition does not meet the first criterion. Keller contends, however, that his petition was timely under § 2244(d)(1)(D). That section provides that the one-year limitation period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Relying on *Johnson v. United States*, 544 U.S. 295 (2005), Keller contends that the state supreme court's decisions in *Borner*, *Dominguez*, and *Coppage* are the "factual predicates" of his claim and that he filed his petition within one year of those decisions.

*Johnson* involved a motion to vacate sentence by a federal prisoner under 28 U.S.C. § 2255. Section 2255 sets time limits similar to those applicable to state prisoners under § 2244(d). One subsection provides that a § 2255 motion is timely if it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

The Court held that a state court order vacating a prior conviction was a "fact" supporting the movant's claim that his sentence should not have been enhanced based on the prior conviction. Therefore, a § 2255 motion filed within one year of the vacatur order was timely. Although the state court order was a mandate of law, it was also—like the fact of a prior conviction—a fact "subject to proof or disproof like any other factual issue." *Johnson*, 544 U.S. at 307.

Keller argues that the three North Dakota court decisions in 2013 and 2014 interpreting the statutes of conviction in his case count as a "factual predicate" of his habeas claim. Unlike the situation in *Johnson*, however, the state court decisions involving other defendants did not invalidate any operative fact in Keller's case. They simply developed North Dakota law in a way that might have facilitated a legal challenge to Keller's convictions. The decisions are not facts subject to proof or disproof like any other factual issue: "We would never . . . ask a jury to decide whether a judicial decision had indeed changed a state's law in the relevant way, nor would the parties introduce evidence on the question." *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005).

A different subsection of § 2244 addresses changes in law. Section 2244(d)(1)(C) provides that a habeas petition is timely if it is filed within one year of the date the Supreme Court recognized a new constitutional right that was later made retroactive to cases on collateral review. If legal decisions were "factual predicates" under § 2244(d)(1)(D), then the limitations in § 2244(d)(1)(C) would be superfluous.

*Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007); *see E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). Because § 2244(d)(1)(D) does not apply, Keller's application was untimely.

Keller argues alternatively that he is entitled to equitable tolling of the limitations period. A prisoner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Keller has not demonstrated diligence. He could have challenged the validity of his convictions by raising the same arguments pressed in *Borner*, *Dominguez*, and *Coppage*, but he failed to do so. Nor has Keller established any extraordinary circumstance that prevented him from raising his legal arguments earlier. Equitable tolling is therefore not justified.

Keller asserts finally that the North Dakota Supreme Court violated his rights to equal protection of the law and due process when it rejected his state post-conviction petition as untimely. His theory is that a statute of limitations that "deprives an individual of a remedy to vacate a conviction from a crime that does not exist" violates the Constitution. Keller's complaint, however, is with the North Dakota court's application of state law when it concluded that the jury instructions in his case did not run afoul of the state-law decisions in *Borner*, *Dominguez*, and *Coppage*. It is not the province of a federal habeas court to reexamine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). And a court hearing a habeas petition under § 2254 "is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings." *Kenley v. Bowersox*, 228 F.3d 934, 938 (8th Cir. 2000).

\*　　\*　　\*

The judgment of the district court is affirmed.

_____

-5-