2017 ND 260

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Anjelo Steve SHEPERD, Defendant and Appellant**

**No. 20170186**

Supreme Court of North Dakota.

Filed 11/16/2017

Leah J. Viste, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Nicholas D. Thornton (argued) and James A. Teigland (on brief), Fargo, N.D., for defendant and appellant.

McEvers, Justice.

[¶ 1] Anjelo Sheperd appeals from a criminal judgment, entered after a bench trial on stipulated facts, finding him guilty of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1–41–06(1)(a). We affirm the criminal judgment.

[¶ 2] On June 29, 2016, law enforcement arrested Sheperd as a part of a multi-agency sting operation targeted at apprehending individuals paying, or attempting to pay, for sex with minors. Law enforcement posted an advertisement on Backpage.com. The advertisement impliedly sought sexual encounters with men, but did not reference involvement with a minor. Sheperd responded to the advertisement. A text message exchange between Sheperd and an undercover officer, purporting to be a female, discussed rates for sexual activities. Later in the text message exchange, the undercover officer told Sheperd "she" was almost seventeen. Sheperd arrived at the sting location, set up at a hotel in Fargo, and was arrested and charged with patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1–41–06(1)(a).

[¶ 3] Sheperd waived his right to a jury trial, and the district court held a bench trial on the stipulated facts. At the trial, Sheperd indicated his intent to appeal based on his interpretation of the statute under which he was charged. The stipulated facts indicated Sheperd agreed to exchange money or something of value for a sex act, that Sheperd originally thought the female was over eighteen but later learned the female claimed to be sixteen, and that Sheperd arrived at the hotel and knocked on the designated room door. The district court found Sheperd guilty of patronizing a minor for commercial sexual activity. Sheperd appeals to this Court.

## II

[¶ 4] On appeal, Sheperd argues N.D.C.C. § 12.1–41–06(1)(a) requires the presence of a minor and because no actual minor was involved in this case, the State did not meet its burden of proof. Sheperd further argues this Court should have decided *State v. Davison*, 2017 ND 188, 900 N.W.2d 66, differently. The State argues N.D.C.C. § 12.1–41–06(1)(a) does not require the actual presence of a minor as an essential element of the crime of patronizing a minor for commercial sexual activity.

[¶ 5] The parties agree that if no minor is required for a conviction under N.D.C.C. § 12.1–41–06(1)(a), there is sufficient evidence to sustain the convictions. The question is one of statutory interpretation, which is a question of law and is fully reviewable on appeal. *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267.

> Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute.

*Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶ 6, 881 N.W.2d 666 (citations omitted).

[¶ 6] Sheperd was convicted of patronizing a minor for commercial sexual activity in violation of N.D.C.C. § 12.1–41–06(1)(a), which provides:

1. A person commits the offense of patronizing a minor for commercial sexual activity if:

   (a) With the intent that an individual engage in commercial sexual activity with a minor, the person gives, agrees to give, or offers to give anything of value to a minor or another person so that the individual may engage in commercial sexual activity with a minor[.]

"Commercial sexual activity" appearing in N.D.C.C.§ 12.1–41–06(1)(a) is defined as

"sexual activity for which anything of value is given to, promised to, or received, by a person." N.D.C.C. § 12.1–41–01(3). A minor under this chapter is defined as "an individual less than eighteen years of age." N.D.C.C. § 12.1–41–01(8).

[¶ 7] Sheperd argues this Court's decision in *State v. Backlund*, 2003 ND 184, 672 N.W.2d 431, supports his argument because N.D.C.C. § 12.1–41–06(1)(a) does not include similar language as in N.D.C.C. § 12.1–20–05.1. The language of N.D.C.C. § 12.1–20–05.1 was amended through the legislative process to criminalize luring anyone believed to be a minor. Sheperd also argues we should construe N.D.C.C. § 12.1–41–06(1)(a) in a similar fashion as Minnesota did with one of its statutes. *See* Minn. Stat. § 609.324. However, this Court already considered both of these arguments in *Davison*, and distinguished the Minnesota statute and the luring statute from N.D.C.C. § 12.1–41–06(1)(a). *Davison*, 2017 ND 188, ¶¶ 12, 14, 900 N.W.2d 66.

[¶ 8] Sheperd argues this Court decided *Davison* incorrectly. In *Davison*, this Court held N.D.C.C. § 12.1–41–06(1)(a) does not require the presence of a minor. *Davison*, 2017 ND 188, ¶ 16, 900 N.W.2d 66. This Court reasoned the plain language of N.D.C.C. § 12.1–41–06(1)(a) provides three elements: the intent required, the action proscribed, and the purpose of that exchange. *Davison*, at ¶ 10. This Court further reasoned, the transaction, agreement, or offer must be made with the intent to receive, in exchange for some item of value, sexual activity with a minor, and that the statute targets individuals intentionally seeking to pay for the sexual services of minors. *Id.* at ¶ 11. "The statute requires proof of a person giving, agreeing to give, or offering 'anything of value to a minor *or another person*' with intent to engage in commercial sexual activity with

a minor, and with the expectation of receiving sexual services from a minor." *Id.* (quoting N.D.C.C. § 12.1–41–06(1)(a)). Therefore, we concluded, the statute did not require the State to prove a minor was present. *Id.* at ¶ 16.

[¶ 9] In *Davison*, this Court explained that N.D.C.C. § 12.1–41–06(1)(a) "is adopted verbatim from Section 7 of the Uniform Act on Prevention of and Remedies for Human Trafficking." *Davison*, 2017 ND 188, ¶ 13, 900 N.W.2d 66. "Any provision in this code which is a part of a uniform statute must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." N.D.C.C. § 1–02–13.

Section 7 is directed toward reducing demand among patrons for commercial sexual activity with minors by raising the penalty level in existing state statutes to reflect the gravity of the offense. Subsection (a)(1) is a specific intent crime and therefore carries a higher range of punishment than subsection (a)(2), which is a strict liability offense. Subsection 7(a)(1) focuses on the worst predators, those who intentionally seek out children as their sexual objects[.]

*Davison*, at ¶ 13 (quoting Unif. Act on Prevention of and Remedies for Human Trafficking § 7 cmt. (2013), 11 U.L.A. 11 (2017 Cum. Supp.)).

[¶ 10] We further explained:

Under the plain language of N.D.C.C. § 12.1–41–06(1)(a), an individual may be convicted of an offense if the agreement is made with someone other than a minor. This construction interprets the statute in a practical manner, giving consideration to the context of the statute and the purpose for which it was enacted. This construction also targets those who intentionally seek out children as their sexual objects, as provided in the comments to Section 7 of the Uni-

form Act on Prevention of and Remedies for Human Trafficking drafted by the National Conference of Commissioners on Uniform State Laws.

*Davison*, 2017 ND 188, ¶ 15, 900 N.W.2d 66 (citation omitted).

[¶ 11] We are not persuaded by Sheperd's argument that *Davison* should have been decided differently. Therefore, because we hold N.D.C.C. § 12.1–41–06(1)(a) does not require the presence of a minor, the conviction is supported by sufficient competent evidence.

### III

[¶ 12] We affirm the criminal judgment.

[¶ 13] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.