# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2903
_____

David Lynn Hieb

*Petitioner - Appellant*

v.

Chad Pringle, Warden

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: April 4, 2018
Filed: April 13, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

David Hieb appeals the district court's[1] order dismissing his 28 U.S.C. § 2254 petition. For the reasons that follow, we affirm.

In 2005, Hieb pleaded guilty to conspiracy to commit murder, in violation of North Dakota Century Code §§ 12.1-06-04 and 12.1-16-01. At the sentencing hearing, the State's attorney described evidence that Hieb had been one of three individuals who robbed and beat the victim to death, and described conflicting accounts as to whether the participants had planned to kill the victim, or had planned merely to rob and beat him. Hieb did not deny his participation in carrying out a plan to rob and beat the victim, or that the victim died as a result the beating, but denied there had been an agreement to kill him. The trial court accepted Hieb's guilty plea and sentenced him to 25 years in prison.

About seven years later, the North Dakota Supreme Court held that conspiracy to commit extreme-indifference murder under North Dakota Century Code §§ 12.1-06-04 and 12.1-16-01(1)(b) was not a cognizable offense because the intent requirement for conspiracy was inconsistent with intent requirement for unintentional murder. See State v. Borner, 836 N.W.2d 383, 386 (N.D. 2013); see also Dominguez v. State, 840 N.W.2d 596, 598 (N.D. 2013) (holding that defendant cannot be convicted for attempted murder on theory of extreme indifference); Coppage v. State, 843 N.W.2d 291, 303 (N.D. 2014) (applying Dominguez on postconviction review). In October 2015, Hieb filed in state court an application for postconviction relief, the dismissal of which was affirmed by the North Dakota Supreme Court. In part, the North Dakota Supreme Court held that, assuming Borner applied to Hieb's case, his application was untimely because it was filed more than two years after that decision

---

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota, now United States Circuit Judge, adopting the report and recommendations of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

was published on August 29, 2013.  See Hieb v. State, 882 N.W.2d 724, 726 (N.D. July 2016).

In February 2017, Hieb filed the present section 2254 petition, claiming that his conviction and sentence violated his federal constitutional rights in light of Borner.  The district court granted the State's motion to dismiss Hieb's petition as time-barred under 28 U.S.C. § 2244(d)(1), but granted Hieb a certificate of appealability.  Following de novo review, we agree with the district court that Hieb's petition was barred by the one-year limitations period, and that he failed to establish he was entitled to equitable tolling.  See Keller v. Pringle, 867 F.3d 1072, 1074-76 (8th Cir. 2017), cert. denied, 138 S. Ct. 1016 (2018).  The judgment of the district court is affirmed, Hieb's counsel's motion to withdraw is granted, and Hieb's motion for new appointment of counsel is denied as moot.

_____