# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 55

State of North Dakota,                                    Plaintiff and Appellee

v.

Tyler Richter,                                         Defendant and Appellant

## No. 20200351

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Jackson J. Lofgren, Bismarck, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Tyler Richter appealed from a criminal judgment entered after he pled guilty to the charge of luring minors by computers and conditionally pled guilty to the charge of attempted promotion of obscenity to minors. Richter reserved the right to appeal the district court's denial of his motion to dismiss the charge of attempted promotion of obscenity to minors. He argues attempted promotion of obscenity to minors is not a cognizable offense. We reverse the criminal judgment and remand to allow Richter to withdraw his guilty plea to the attempt offense and dismiss the attempt charge.

I

[¶2]   Richter was charged with luring minors by computers or other electronic means, a class C felony, and attempted promotion of obscenity to minors, a class C felony.

[¶3]   Richter moved to dismiss the charge of attempted promotion of obscenity to minors, arguing it is not a legally cognizable offense and a person cannot be charged with an offense that does not exist. Richter argued there is an inconsistency in the elements of the criminal attempt and promotion of obscenity to minors offenses which is impossible to rectify. He claimed attempt requires the actor have an intent to complete the commission of the underlying crime, promoting obscenity only requires the actor to act recklessly which does not require an intent to commit a particular objective, and a person cannot intend to commit an offense that can be committed without any intent. The State opposed Richter's motion.

[¶4] The district court denied Richter's motion to dismiss. The court explained the issue raised was whether a person can intentionally engage in conduct that recklessly promotes obscene material to a minor. The court concluded the word "recklessly" includes intentional conduct, a person can

1

intend to or consciously act "recklessly," and therefore a person can be found guilty of attempted promotion of obscenity to minors.

[¶5] Richter pled guilty to the charge of luring minors by computers or other electronic means. He conditionally pled guilty to the charge of attempted promotion of obscenity to minors and reserved the right to appeal the district court's denial of his motion to dismiss. Criminal judgment was entered.

## II

[¶6] On appeal Richter argues, as he did in the district court, the crime of attempted promotion of obscenity to minors is not a cognizable offense and his conviction must be reversed. He claims the offense of promotion of obscenity to minors only requires that a person recklessly promote material that is harmful to minors, and a person cannot attempt to commit a crime that only requires reckless culpability.

[¶7] The interpretation of a statute is question of law, which is fully reviewable on appeal. *Dominguez v. State*, 2013 ND 249, ¶ 11, 840 N.W.2d 596.

[¶8] Richter was charged with attempted promotion of obscenity to minors under N.D.C.C. §§ 12.1-27.1-03(1) and 12.1-06-01. The criminal attempt statute, N.D.C.C. § 12.1-06-01(1), states:

> A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime. Factual or legal impossibility of committing the crime is not a defense, if the crime could have been committed had the attendant circumstances been as the actor believed them to be.

The relevant portion of the promotion of obscenity statute, N.D.C.C. § 12.1-27.1-03(1), states, "It is a class C felony for a person, knowing of its character, to recklessly promote to a minor any material or performance which is harmful to minors[.]"

2

[¶9]  "The crime of attempt does not exist in the abstract, but rather exists only in relation to other offenses; a defendant must be charged with an attempt to commit a specifically designated crime, and it is to that crime one must look in identifying the kind of intent required. . . . It is not enough to show that the defendant intended to do some unspecified criminal act." *State v. Stensaker*, 2007 ND 6, ¶ 9, 725 N.W.2d 883 (quoting 2 Wayne R. LaFave, *Substantive Criminal Law* § 11.3(a) (2d ed. 2003)). This Court has previously considered whether certain offenses may be used as the underlying charge for an attempt offense. *See Dominguez*, 2013 ND 249, ¶ 22 (holding attempted murder under N.D.C.C. §§ 12.1-06-01 and 12.1-16-01(1)(b) is not a cognizable offense).

[¶10] Our attempt statute is derived from the identical attempt provision of the proposed Federal Criminal Code. *See Stensaker,* 2007 ND 6, ¶ 9; *see also Final Report of the Nat'l Comm'n on Reform of Fed. Criminal Laws* § 1001 (1971). We may look to the history of the proposed federal code for guidance in interpreting our statute. *See Stensaker*, at ¶ 9.

[¶11] The Working Papers for the Proposed Federal Code explained the attempt provision "is explicit that, except for the intentional conduct constituting the substantial step, the requisite culpability is that provided for in the definition of the offense. Not only is such a formulation more precise, but also it has the virtue of emphasizing the fact that in the proposed new Code we recognize, by precise definition and use of terms, that different elements of a crime may require different kinds of culpability." I *Working Papers of the Nat'l Comm'n on Reform of Fed. Criminal Laws* 355 (1970).

[¶12] We have held that the accused must have an intent to complete the commission of the underlying crime to be convicted of criminal attempt under N.D.C.C. § 12.1-06-01. *Dominguez,* 2013 ND 249, ¶ 12. "Implicit in the notion of attempt is the requirement that whatever the person is doing is being done with the purpose of committing a crime. . . . [The attempt provision] makes this requirement explicit by requiring that the conduct be intentionally engaged in but otherwise with the culpability required for the offense." I *Working Papers of the Nat'l Comm'n on Reform of Fed. Criminal Laws* 354 (1970).

[¶13] In *Stensaker*, 2007 ND 6, ¶ 7, this Court considered whether jury instructions adequately informed the jury of the law for the offense of attempt to manufacture methamphetamine. We explained the underlying crime of manufacturing a controlled substance required a person to willfully manufacture a controlled substance; willfully encompasses three culpability levels: "intentionally, knowingly, or recklessly;" and a person is guilty if he is found to have performed any act that constitutes manufacturing intentionally, knowingly, or recklessly. *Id.* at ¶¶ 10-11. In discussing the essential elements of the attempt offense, we explained:

> [T]he State alleged that the substantial step was "obtaining and preparing precursors for the manufacture of methamphetamine." Therefore, if a jury could find that it was Stensaker's purpose to obtain and prepare the precursors and that he did so with the requisite willful culpability to manufacture methamphetamine, he would be guilty of criminal attempt to manufacture methamphetamine. He would not be guilty if he acted "knowingly or recklessly" in obtaining and preparing the precursors, even though he did so with the required culpability to manufacture methamphetamine, because "[u]nder the prevailing view, an attempt . . . cannot be committed by recklessness or negligence or on a strict liability basis, even if the underlying crime can be so committed." 2 LaFave, *supra,* § 11.3.

*Stensaker*, at ¶ 13.

[¶14] Under N.D.C.C. § 12.1-27.1-03(1), a person is guilty of promoting obscenity to minors if the person, knowing of the character of the material, recklessly promotes to a minor any material which is harmful to minors. A person engages in conduct "recklessly" if he engages in the conduct "in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1-02-02(1)(c).

[¶15] The act that constitutes the substantial step for an attempt offense must be intentional. Promotion of obscenity to minors under N.D.C.C. § 12.1-27.1-03(1) only requires the accused act recklessly to commit the offense and does

4

not require the accused intentionally commit the offense. Attempt requires a specific intent to commit the underlying crime. *See Dominguez*, 2013 ND 249, ¶ 22. "An individual cannot intend to achieve a particular offense that by its definition is unintended." *Id.* at ¶ 13 (quoting *State v. Borner*, 2013 ND 141, ¶ 18, 836 N.W.2d 383). "[A]n attempt . . . cannot be committed by recklessness or negligence or on a strict liability basis, even if the underlying crime can be so committed." *Stensaker*, 2007 ND 6, ¶ 13 (quoting 2 LaFave, *supra*, § 11.3). The reckless culpability required for the offense of promoting obscenity to minors is inconsistent with and cannot be rectified with the culpability required for criminal attempt.

[¶16] The State argues the evidence in this case proved Richter intentionally promoted obscenity to someone he believed was a minor. The State contends a lesser degree of culpability is satisfied if the proven degree of culpability is higher and it should be able to charge an attempt to commit an offense that has a reckless culpability as an intentional act if the facts warrant the charge. The State contends it should be able to impose a higher burden of proof when the evidence warrants it.

[¶17] We question whether the State can choose to impose a higher burden than the statute requires in an attempt to create a cognizable offense. But even if that were possible, the State did not do that in this case. The State charged Richter with attempted promotion of obscenity to minors, alleging "The defendant intentionally engaged in conduct which constituted a substantial step towards Promoting obscenity to minors by . . . recklessly promoting to a minor any materials or performance which is harmful to minors." The State did not allege in the information that Richter intentionally promoted the obscenity. Moreover, the State's argument is a policy argument that would be better made to the legislature.

[¶18] We conclude attempted promotion of obscenity to minors is not a cognizable offense and the district court erred by denying Richter's motion to dismiss.

5

## III

[¶19]  We reverse the judgment convicting Richter of attempted promotion of obscenity to minors and remand for the district court to allow Richter to withdraw his conditional guilty plea and dismiss the attempt charge.

[¶20]  Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte